IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARMEN MARIE THOMPSON,  :
  Plaintiff,      :
           :
 v.         :  CIVIL ACTION NO. 26-CV-2270
           :
CITIGROUP INC., *et al.*,   :
  Defendants.    :

## MEMORANDUM

KENNEY, J.                 JUNE 16, 2026

Carmen Marie Thompson filed this *pro se* civil action against Defendants Citigroup Inc.

("Citi"), Group-Hainan Airlines, Microsoft, LinkedIn, Clear Secure Inc, The Ariel Group, HNA

Palisades Conference Center, Training Center LLC, and HAN Group North America LLC.[1]

Thompson seeks leave to proceed *in forma pauperis*.  For the following reasons, leave to proceed

*in forma pauperis* will be granted, and the Complaint will be dismissed.

### I.  FACTUAL ALLEGATIONS[2]

Thompson's allegations are confused and hard to follow.  She alleges she worked for

---

[1] Thompson also names "Microsoft Corp." and "LinkedIn Corporation" as Defendants, which appears to be duplicative of Defendants Microsoft and LinkedIn.

[2] Thompson's Complaint ("Compl.") consists of the form complaint available to unrepresented litigants and approximately fifty-seven pages consisting of additional factual allegations and exhibits.  (ECF No. 2.)  The factual allegations set forth in this Memorandum are taken from the Complaint.  The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.  The Court notes after filing her Complaint, Thompson filed a separate document consisting of approximately one-hundred and forty-seven pages of exhibits.  (ECF No. 5.)

The Court may also take judicial notice of prior court proceedings.  *See Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket." (collecting cases)); *see also In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

Defendant Citi as a contractor from November 2011 through August 2015. (Compl. at 15.) When she was hired, she lived in Florida, but she moved to Philadelphia in 2012. (*Id*. at 15–16.) She worked remotely from Philadelphia, traveling to Florida for work trips when necessary. (*Id*. at 16.) In September 2015, she was "converted" to a Citi employee and chosen to participate in the Emerging Talent Accelerator Program ("the program") in 2017. (*Id*. at 15–16.) She went to Defendant HNA Palisades Conference Center in Palisades, New York for the program. (*Id*. at 16.) She explains her recollection of arriving in New York and outlines events that occurred during the program in a disjointed, rambling fashion. (*Id*. at 16–18.) It is unclear to the Court exactly what happened at the program, but it appears the events that occurred during the program had a negative outcome on Thompson and she was ultimately terminated from Citi at an unknown time. (*Id*. at 18, 24.) She believes the other named Defendants colluded with Citi and conspired with each other against her, presumably to cause her harm. (*Id*. at 24–25.) She mentions her deteriorating health and demands an accommodation pursuant to the Americans with Disabilities Act ("ADA") "due to a documented serious mental health disability" and PTSD. (*Id*. at 18.) Several times throughout her Complaint, she notes for the Court to "refer" to complaints filed in other cases (*id*. at 15, 17–18, 23–26), and "formally request[s] the Court to defer to the information [she has] already provided." (*Id*. at 18.) She also asserts she does "not know if Philadelphia, Pennsylvania, or any of the defendants listed in this Complaint had anything to do with the events [she] described in [her] previous attempts to pro se litigate." (*Id*. at 15.) As relief, she requests four hundred billion dollars. (*Id*. at 6.)

By way of background, the Court notes that Thompson previously filed a case in this District that was subsequently transferred to the United States District Court for the Southern District of Mississippi. *See Thompson v. Riley,* No. 25-999 (E.D. Pa.); *see also Thompson v. Riley*,

2

No. 25-148 (S.D. Miss.) (the "Mississippi Case").  Although the Court repeatedly advised her all filings related to the transferred case should be filed in the Mississippi Case, she has a history of submitting filings to this Court for the Mississippi Case.  *See Thompson*, No. 25-999 at ECF Nos. 6, 14, 18.  It is unclear to the Court if Thompson intended to file a new case based on the allegation in her Complaint, or if this pleading is duplicative of the claims brought in the Mississippi case.[3] Out of an abundance of caution, because the Court is unable to discern the claims she brings in this Complaint, the Court will treat this case as a new filing unrelated to the Mississippi Case for purposes of this Memorandum only.[4]

## II.    STANDARD OF REVIEW

The Court grants Thompson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  When allowing a plaintiff to proceed *in forma pauperis*, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires dismissal if the Complaint fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences

---

[3] After a review of the publicly available docket, it appears the Court in the Southern District of Mississippi consolidated the Mississippi case with another action Thompson brought in that district, and both cases were subsequently dismissed.  *See Thompson v. Riley*, 25-96 at ECF Nos. 23, 24 (S.D. Miss.) and *Thompson*, No. 25-148 at ECF Nos. 13, 15.

[4] The Court is hesitant to conclude at this time that this District is the proper venue for this case based on Thompson's assertion that she does "not know if Philadelphia, Pennsylvania, or any of the defendants listed in this Complaint had anything to do with the events [she] described in [her] previous attempts to pro se litigate." (Compl. at 15.)  It appears she may have filed this action in this District because she resides in Philadelphia.  However, because the claims in the Complaint are so disjointed, the Court will not address venue at this time.

in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id*.

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'"). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

4

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("'Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests.'" (quoting *Garrett*, 938 F.3d at 92)). In other words, a complaint must contain sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL 8271966, at *1 (3d Cir. Nov. 30, 2023) (quoting Fed. R. Civ. P. 8(d)(1)) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.    DISCUSSION

Thompson may not proceed with her claims at this time because the manner in which she has presented them is so confused, disjointed, and unclear, that neither the Court nor any Defendant could be expected to understand the nature of the claims she brings and the factual basis underlying each claim. The Federal Rules of Civil Procedure state that "[a] civil action is commenced by filing a complaint with the court," which must contain a caption that includes the name of each party, must state its claims in numbered paragraphs, and must state a short and plain statement of the grounds for the court's jurisdiction and the factual basis for each claim, as well as a demand for the relief sought. Fed. R. Civ. P. 3, 8, and 10. As noted above, the Complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. Thompson's sixty-four-page Complaint and separately attached voluminous group of exhibits totaling approximately one-hundred and forty-

seven pages, fail to clearly articulate a narrative of events explaining the factual basis for any legal claims.  This is not an acceptable manner of pleading a claim in federal court.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).  Rather, a plaintiff must articulate in narrative form the facts giving rise to the claims that she intends to pursue.  *See Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) ("A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." (internal quotations and citations omitted)).  Although it appears Thompson seeks to raise claims against Defendants based on events that occurred at the program, whom she brings each claim against, when the events occurred, and what each defendant is alleged to have done with regard to each claim is unclear even under a liberal construction of Thompson's submissions.

In sum, Thompson's Complaints and/or submissions does not comply with Rule 8(d)(1)'s "simple, concise, and direct" requirement or Rule 8(a)'s "short and plain statement" requirement. While *pro se* pleadings are generally afforded leniency and liberal construction, there are limits to a Court's flexibility.  "Judges are not like pigs, hunting for truffles buried in the record." *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024).  Because no defendant can respond on the merits to the Complaint, it must be dismissed with leave granted to Thompson to file an amended complaint to explain the "who, what, where, when and why of her claim." *See Davis v. Internal Revenue Serv.*,

6

No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (internal quotations and citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Thompson leave to proceed *in forma pauperis* and dismiss the Complaint because she fails to provide fair notice of the grounds upon which the claims against Defendants rest, as required by Rule 8. *See Gowans,* 2025 WL 2848907, at *1 ("The District Court did not abuse its discretion when it dismissed Gowan's [sic] second amended complaint under Rule 8, as it was so vague that it did not provide 'notice of what the claim is and the grounds upon which it rests.'" (quoting *Garrett*, 938 F.3d at 92)); *see also Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). However, Thompson will be afforded an opportunity to file an amended complaint if she is capable of curing the defects the Court has identified in her claims. If Thompson seeks to proceed with her case against Defendants, she is reminded that she must file <u>one comprehensive amended complaint</u> containing a coherent articulation of facts set forth in numbered paragraphs explaining what each Defendant did or not do that allegedly caused her injury, and an organized list of claims she intends to bring based on those events.

An Order follows, which provides further instruction as to amendment.

BY THE COURT:

/s/ Chad F. Kenney

---

CHAD F. KENNEY, J.

7